# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

Case No. 6:22-cr-118-WWB-RMN

DENISE E. KOVACS

## ORDER

This cause comes before the Court for consideration without oral argument on Defendant's Motion to File Under Seal (Dkt. 48), filed September 19, 2023. Defendant seeks to seal her motion, a psychological evaluation, and certain other documents filed as an appendix to her sentencing memorandum. The government does not oppose the motion.

Defendant contends that Federal Rule of Criminal Procedure 49.1 provides the Court with the authority to seal judicial records. It does not. Rule 49.1 was "adopted in compliance with section 205(c)(3) of the E-Government Act of 2002, Public Law No. 107-347. Fed. R. Crim. P. 49.1 advisory committee's note (2007). That law required "the Supreme Court to prescribe rules 'to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically.'" *Id*. Rule 49.1 simply requires that certain personal information and identifiers, such as social security numbers, birth dates, home addresses,

and financial account numbers be truncated in criminal filings. The rule also authorizes filings that contain such personal information and identifiers to be filed unredacted under seal and allows courts to impose limitations on electronic access to the sealed, unredacted documents. *See* Fed. R. Crim. P. 49.1(d)–(f).

A request to seal judicial records implicates the public's qualified First Amendment right of access to criminal proceedings.[1] *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005) (citing *Globe Newspaper Co. v. Superior Ct., for the Cnty. of Norfolk*, 457 U.S. 596, 603 (1982), and *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001)). Criminal proceedings are presumed to be open. *Id.* at 1029. A party may overcome that presumption if it can show "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 1030 (quoting *Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501, 510 (1984)). A court may seal documents in a criminal case if it articulates the "overriding interest" together with "findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.*

---

[1] There is also a less-burdensome qualified common law right of access to judicial records, which "may be curtailed if . . . non-disclosure is warranted." *United States v. DeJournett*, 817 F.3d 479, 485 (6th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

There is no question that Defendant's motion and the accompanying documents are part of the record of a judicial proceeding. *See United States v. Sattar*, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006) (letter from defendant's counsel transmitting psychiatric report concerning defendant, as well as report itself, were "judicial documents," to which common-law presumption of public access attached, notwithstanding that court did not find such documents to be useful and did not rely on them, where they were submitted to court to provide information for sentencing); *United States v. Tangorra*, 542 F. Supp. 2d 233, 237 (E.D.N.Y. 2008) (documents submitted by defendants as part of the sentencing process that pertained to the defendants' business affairs were "judicial documents" subject to the common law right of access, even though the court did not rely on the documents in reaching its sentencing decision). There is therefore a presumptive right of public access to those materials.

Defendant seeks to seal her motion and the accompanying materials because they contain confidential and sensitive information about her mental health and medical conditions. Courts consider such privacy interests when deciding whether to seal judicial records. *See United States v. Kaczynski*, 154 F.3d 930, 931 (9th Cir. 1998) (holding, over the defendant's objections, that certain media companies could access redacted versions of a psychiatric competency report that was sealed based on the defendant's privacy interests); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1216 (9th Cir. 1989)

(considering the privacy interest of individuals identified in search warrants and noting that "[o]ther courts have also taken account of the privacy rights of individuals when considering access requests to judicial documents.").

Based on the representations in the motion and an *in camera* review of the accompanying documents, I find that Defendant's interest in the confidential and sensitive information contained in those documents outweighs the public's qualified right to access.

Accordingly, it is **ORDERED**:

1. Defendant's motion (Dkt. 48) is **GRANTED**; and

2. The Motion and accompanying documents shall remain sealed until further order of the court.

**DONE** and **ORDERED** in Orlando, Florida, on September 20, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Pretrial Services Office
United States Marshals Service
Assistant U.S. Attorney
Counsel for Defendant
Defendant